UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| JAMES EARL SMITH, II | CIVIL ACTION |
| VERSUS | NO. 23-469 |
| OCEANEERING MOBILE WORKFORCE LLC ET AL. | SECTION "J" (3) |

### ORDER AND REASONS

Before the Court is Plaintiff's Motion for Leave of Court to File Third Amended Complaint and to Designate this Matter as a Bench Trial (R. Doc. 72). The motion is granted for the reasons below.

**I.   Background**

Smith contracted COVID-19 while working aboard a drill ship.[1] He was hospitalized and developed permanent medical conditions from the disease.[2] In February 2023, Smith filed a Complaint for Damages (the "Original Complaint").[3] He named as defendants his employer, Oceaneering Mobile Workforce LLC ("Oceaneering"), and the ship owner, Diamond Offshore Drilling Inc. ("Diamond Inc."). The Original Complaint asserted a claim for negligence and unseaworthiness. With respect to each claim, Smith alleged that jurisdiction was "based upon the Jones Act, 46 U.S.C. § 30104, *et seq.*, and/or the general maritime law."[4]

---

[1] R. Doc. 1.
[2] *Id.* ¶¶ 18–23.
[3] *Id.* at 1.
[4] *Id.* ¶¶ 22–29.

1

Three days later, and before summons issued, Smith filed a First Amended Complaint with Jury Demand ("First Amended Complaint"). The First Amended Complaint restates the negligence and unseaworthiness claims and repeats that the basis for jurisdiction is the "Jones Act, 46 U.S.C. § 30104, *et seq.*, and/or the general maritime law."[5] The First Amended Complaint requests "a trial by jury on all issues raised herein pursuant to 46 U.S.C. § 30104, *et seq.*"[6]

Both the Original Complaint and First Amended Complaint allege that Oceaneering is a foreign limited liability company and that Diamond is a foreign corporation.[7] The First Amended Complaint, however, adds a description of Smith's citizenship—i.e., he is "a citizen of the United States and residing in Ovett, Mississippi."[8] Thus, the pleading indicates that the parties are diverse. There is, however, no express invocation of diversity jurisdiction. Oceaneering and Diamond Inc. answered both the Original Complaint and the First Amended Complaint in March 2023. Oceaneering's answers included a jury demand.[9]

In September 2023, Smith sought and obtained leave to amend his complaint to add an additional defendant: Diamond Offshore, LLC ("Diamond LLC"). Like the First Amended Complaint, the Second Amended Complaint for Damages notes the

---

[5] R. Doc. 3, ¶¶ 23–30.
[6] *Id.* at 31.
[7] R. Docs. 1, ¶ 1, 3, ¶ 2.
[8] R. Doc. 1, ¶ 1.
[9] R. Docs. 11 at 5, 12 at 4. Diamond's answers do not include a jury demand. R. Doc. 7-8.

citizenship of the parties but does not expressly invoke diversity jurisdiction. In the Second Amended Complaint, Smith continued to identify the basis for jurisdiction as the "Jones Act, 46 U.S.C. § 30104, *et seq.*, and/or the general maritime law."[10] The Second Amended Complaint repeats Smith's jury demand.[11] In answering the Second Amended Complaint, Oceaneering again asserted jury demand.[12]

Consistent with Smith and Oceaneering's jury demands, all scheduling orders have reflected that the case will be tried by jury.[13] In October 2025, however, Smith moved to amend his complaint to withdraw his jury demand, to strike all other jury demands, and to designate this matter to "be tried to the Court sitting in Admiralty" as a bench trial.[14] All three defendants oppose the motion. Trial is set for October 19, 2026.[15]

## II. Analysis

Federal Rule of Civil Procedure 39 allows Smith to withdraw his jury demand. if the parties stipulate to a nonjury trial or if "the court, on motion or on its own, finds that on some or all of those issues there is no federal right to jury trial." Fed. R. Civ. P. 39(a). Defendants have not stipulated to a bench trial. Thus, the Court must determine whether there is a right to jury trial on any of the issues raised in Smith's

---

[10] R. Doc. 22, ¶¶ 27, 29.
[11] *Id.* ¶ 31.
[12] R. Doc. 27 at 4. Diamond Inc. and Diamond LLC's answer does not include a jury demand. R. Doc. 26.
[13] *E.g.*, R. Doc. 34 at 2.
[14] R. Doc. 72.
[15] R. Doc. 80.

3

pleadings. The answer depends on whether Smith's pleadings demonstrate that he elected to proceed under admiralty jurisdiction.

A plaintiff who "has a state common law cause of action that also falls within the federal admiralty jurisdiction may elect to bring the suit either as an admiralty action in federal court, or as a state common law action in state court or in federal court (assuming he meets the diversity jurisdiction requirements for federal court)." *See T.N.T Marine Serv. v. Weaver Shipyards & Dry Docks, Inc.*, 702 F.2d 585, 587 (5th Cir. 1983). Thus, when a plaintiff with an admiralty or maritime claim sues in federal court, he may proceed under its admiralty jurisdiction or elect to prosecute his claim under common law if there is an alternative basis for federal jurisdiction. To avoid ambiguity, Federal Rule of Civil Procedure 9(h) requires a plaintiff to designate that he intends to proceed under admiralty jurisdiction.[16] It states, in relevant part: "If a claim for relief is within the admiralty or maritime jurisdiction and also within the court's subject-matter jurisdiction on some other ground, the pleading may designate the claim as an admiralty or maritime claim . . . ." Fed. R. Civ. P. 9(h).

The "preferred technique is to expressly invoke Rule 9(h)." *See Teal v. Eagle Fleet, Inc.*, 933 F.2d 341, 345 (5th Cir. 1991) (quotations omitted). A plaintiff also may

---

[16] "In 1966, the federal rules of civil and admiralty procedure were unified. Fed. R. Civ. P. 9 advisory committee's notes 1966 amendment. Rule 9(h) was created so that procedures unique to admiralty would not be abrogated by the merger." *Apache Corp. v. Glob. Santa Fe Drilling Co.*, 435 F. App'x 322, 324 (5th Cir. 2011).

proceed in admiralty "by a simple statement in his pleading to the effect that the claim is an admiralty or maritime claim." *T.N.T. Marine Serv., Inc.,* 702 F.2d at 587 (citing Fed. R. Civ. P. 9 advisory committee note (1966 amendment)). "There are times, however, when a party's claim is governed by multiple bases for jurisdiction and it is not clear whether the party made a Rule 9(h) declaration." *Apache Corp. v. Glob. Santa Fe Drilling Co.*, 435 F. App'x 322, 325 (5th Cir. 2011). When the potential invocation of Rule 9(h) is unclear, courts "examine the totality of the circumstances, as demonstrated by the party's pleadings and actions, to determine whether a Rule 9(h) declaration has been made." *See id.*

Defendants argue that Smith cannot proceed in admiralty because his pleadings do not provide a "specific reference" or "express invocation"[17] of Rule 9(h). Fifth Circuit precedent confirms, however, that while the "preferred technique is to expressly invoke Rule 9(h)," "a party need not make a specific reference to Rule 9(h) in order to fall under our admiralty jurisdiction." *See Teal v. Eagle Fleet, Inc.*, 933 F.2d 341, 345 (5th Cir. 1991) (quotations omitted). The Original Complaint, First Amended Complaint, and Second Amended Complaint all specifically allege "jurisdiction based on the Jones Act, 46 U.S.C. § 30104, *et. seq.*, and/or the general maritime law." This language is an adequate designation under Rule 9(h). *See Hunt v. Diamond Offshore Drilling, Inc.*, No. 01-3037, 2002 WL 1906914, at *1 (E.D. La.

---

[17] R. Doc. 79 at 1, 4 (arguing that the complaint is "void of any specific reference" or "express invocation" of Rule 9(h)).

5

Aug. 19, 2002) (allowing plaintiff to strike his own jury demand and that of defendant where he pleaded "jurisdiction of this Court is invoked under the Jones Act and the General Maritime Law").

Further, the totality of the circumstances supports the conclusion that Smith intended to proceed under admiralty jurisdiction. Smith filed his lawsuit in federal court. *Cf. Bodden v. Osgood*, 879 F.2d 184, 186 (5th Cir. 1989) (noting that a plaintiff filed a lawsuit in state court and did not object to defendant's assertion of diversity jurisdiction at the time of removal). He repeatedly identified the Jones Act and maritime law as the basis for jurisdiction. And although his pleadings identify the parties' citizenship, which is diverse, there is no reference to diversity jurisdiction in any version of his complaint. *See Apache Corp*, 435 F. App'x at 325 (observing that even "if a party asserts both admiralty and diversity jurisdiction, the court will treat the claim as though a Rule 9(h) declaration has been made")(citing *Romero v. Bethlehem Steel Corp.*, 515 F.2d 1249, 1253 (5th Cir. 1975)). Smith's repeated requests for a jury trial are incongruous with his reliance on admiralty jurisdiction. Generally, however, "merely requesting a jury trial does not change an admiralty claim, identified as such, to a non-admiralty claim." *See Bodden*, 879 F.2d at 186.

Defendants assert, citing Smith's civil complaint coversheet, that he "pleaded his claims pursuant to federal question, which supports a finding that Mr. Smith's claims were asserted at law."[18] But a cover sheet is not a pleading. *See Rachal v.*

---

[18] R. Doc. 79 at 6 (citing R. Doc. 1-1).

*Ingram Corp.*, 795 F.2d 1210, 1214, 1214 n.3 (5th Cir. 1986) (declining to consider the cover sheet, which designated the lawsuit as an "Action in Admiralty under F.R.C.P. Rule 9(h)"). The cover sheet form used by Smith confirms that it neither "replaces nor supplements" the pleadings.[19] And the form offers no checkbox for admiralty jurisdiction. In cases between private parties, a plaintiff must choose between checkboxes for federal question and diversity jurisdiction. Thus, to the extent that the cover sheet is relevant, it supports the conclusion that Smith did not intend to proceed under diversity jurisdiction.

Defendants' final argument is that judicial estoppel precludes Smith from withdrawing his jury demand and maintaining that his case is subject to admiralty jurisdiction. The Fifth Circuit has indicated, however, that when a plaintiff both invokes admiralty jurisdiction and requests a jury, "the district court should simply deny the [jury] request." *Bodden*, 879 F.2d at 186. There is no reason to depart from that principle in this case.

Each version of Smith's complaint designated this matter as proceeding under admiralty jurisdiction. Thus, although the parties requested a jury trial, neither side has ever had a right to one. Under these circumstances, Rule 39(a) allows Smith to withdraw his jury demand and proceed with a bench trial.

---

[19] R. Doc. 1-1 at 2.

### III. Conclusion

As explained above, Smith's pleadings and actions demonstrate that he elected to proceed under admiralty jurisdiction pursuant to Rule 9(h).

Accordingly,

**IT IS ORDERED** that the Motion for Leave of Court to File Third Amended Complaint and to Designate this Matter as a Bench Trial (R. Doc. 72) is **GRANTED**.

**IT IS FURTHER ORDERED** that this matter be designated as a bench trial.

New Orleans, Louisiana, this 14th day of November, 2025.

_____
EVA J. DOSSIER
UNITED STATES MAGISTRATE JUDGE